**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| OSCAR GUILLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-249 PS |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on Respondent Craig Hanks's Motion to Dismiss [Doc. 16]. Because Guillen's claim is not a proper claim for habeas relief, but instead a claim challenging the conditions of his confinement, Guillen should have brought his claim under 42 U.S.C. § 1983. Therefore, Guillen's claim is **DISMISSED** without prejudice.

## BACKGROUND

Guillen's purported habeas petition arises out of events that occurred while he was held as a pretrial detainee at the Lake County Jail. On March 9, 2004, Sgt. Peron and Officer Kraus received a report of a missing library book. The officers conducted a shakedown of the third floor of the jail during which they discovered the missing book among Guillen's possessions. (Ex. A). Thereafter, the officers signed a computer generated report regarding the alleged theft. (*Id*.).

The next day, Guillen was moved to a new location, P1-HC-X. Guillen remained at this location for 24 days. The inmate location log that noted Guillen's move referenced incident report no. 040J12372, the report that Sgt. Peron and Ofc. Kraus had made the day before. (Ex.

D).   John Dagomar, Deputy Warden of Lake County Jail, submitted an affidavit which demonstrates that while Guillen's location change was due to the theft charges, the charges were never pursued. (Dagomar Aff. ¶ 4).   Guillen was not deprived of any credit time, he was not moved to a segregation unit, and he was not demoted to a lower credit class category.  (*Id*. at ¶ 5).

Moreover, the change in location did not result in a loss of privileges.  Location P1-HC-X is not a segregation unit.  (*Id*. at ¶ 6).  Instead, it is a smaller housing unit that serves as a holding area for inmates who are appearing in the magistrate court.  (*Id*.).  While located in this unit, Guillen still had access to television and a common area day room.  (*Id*.).  The inmates are supervised more closely, but are still allowed to leave their cells once a day for one to two hours.  (*Id*.).  Guillen was housed in this area in a cell with another roommate, two beds, a sink and a desk.  (*Id*.).  Guillen was returned to the large population on April 3, 2004.  (*Id*. at ¶ 7).

Nevertheless, Guillen claims that he was denied his due process rights because he was moved to administrative segregation for a period of 45 days and he lost a number of privileges (including law library time, the ability to attend religious meetings, and range time) without a hearing.

## DISCUSSION

Guillen filed this action under 28 U.S.C. § 2254 seeking a petition for a writ of habeas corpus.  However, it appears that this action was more properly brought under 42 U.S.C. § 1983.  As the Seventh Circuit recently explained:

> For prisoners, the difference between a civil rights action and a collateral attack is easy to describe.  Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983.  Attacks on the fact or

2

duration of confinement come under § 2254.

*Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (internal citations omitted).  When a

pretrial detainee (as opposed to a convicted prisoner) brings an action challenging conditions of

confinement, including placement in administrative segregation, that action also falls under the

parameters of 42 U.S.C. § 1983.  *See generally Rapier v. Harris*, 172 F.3d 999 (7th Cir. 1999).

In this case, Guillen asserts that he was denied due process when he was placed in

segregation for 45 days and lost a variety of privileges without the benefit of a hearing.  This due

process claim is not an attack on the fact or duration of his confinement.  Instead, it is an attack

on the conditions of his confinement.

When a prisoner files a habeas petition that is actually a § 1983 claim in substance, the

Seventh Circuit has counseled the District Courts to dismiss the claim without prejudice leaving

the decision to refile the claim as a § 1983 claim with the petitioner.  *Pishcke v. Litscher*, 178

F.3d 497, 500 (7th Cir. 1999).  Accordingly, we dismiss Guillen's claim without prejudice.

## CONCLUSION

Guillen's claim is hereby **DISMISSED without prejudice.**  The clerk shall treat this

action as **TERMINATED.**  The respondent's motion to dismiss [Doc. 14] is **GRANTED**.

Guillen's motions for a specific judge [Doc. 23] and judgment on the pleadings [Doc. 25] are

**DENIED**.

**SO ORDERED**.

ENTERED: March 23, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3